# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHRISTINE MARIE RIEMER, ESTATE OF CHRISTINE MARIE RIEMER, COREY LEE RIEMER, ESTATE OF COREY LEE RIEMER, C.R.R., *a minor*, and ESTATE OF C.R.R.,<br><br>Plaintiffs,<br><br>v.<br><br>MARK ANTHONY OTT, AUDREY A. OTT, CLARENCE E. OTT, LINDA M. SINITZ, JAMES L. DUNLAP, PATRICK C. HAUGNEY, JENNIFER R. DOROW, LINDA VAN DE WATER, LINDA JIMENEZ SAAFIR, LAURA FLORIAN LAU, MARIA S. LAZAR, PATRICK L. SNYDER, PAUL F. REILLY, KATHRYN W. FOSTER, MARYLEE RICHMOND, MOLLY J. JASMER, MARK SASSO, SUSAN CASS, KENDRA S. ALLEN, MIKE CADY, WISCONSIN DEPARTMENT OF CHILDREN AND FAMILIES, WAUKESHA COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, CORPORATION COUNSEL, and WAUKESHA COUNTY CIRCUIT COURT,<br><br>Defendants. | Case No. 18-CV-1220-JPS<br><br><br><br><br><br><br><br>**ORDER** |

Plaintiff Christine Marie Riemer, proceeding *pro se*, filed a complaint alleging misconduct by state officials and private individuals in connection

with her divorce proceedings and the custody of her youngest child. (Docket #1). She also submitted a motion for leave to proceed *in forma pauperis*. (Docket #2). The Court will now address that motion.

In order to allow a plaintiff to proceed without paying the $400 filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B). On the question of indigence, although Plaintiff need not show that she is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), it must be remembered that the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Plaintiff avers that she is unemployed, unmarried, and has one dependent, her daughter and co-plaintiff C.R.R. (Docket #2 at 1). C.R.R. is not actually in Plaintiff's custody, however; when asked how much it costs per month to support C.R.R., she writes only that "she needs to be returned. Unknown presently." *Id.* Thus, the Court cannot accept Plaintiff's averment that she financially supports C.R.R.

Plaintiff earns $750 in income each month, though she does not identify the source of this income. *Id.* at 2. Her monthly expenses total approximately $575, comprised of $350 in rent, $175 for household expenses, and a variable cost of $50–$80 per month for "mailing fees and other [fees] related to securing my daughter to return home." *Id.* at 2–3. She has no assets like a home or car, but she does have $800 in a bank account. *Id.* at 3–4. At the end of her motion, Plaintiff claims that she can potentially

provide "security bonds" and expects that Defendants will reimburse her costs in this action. *Id.* at 4.

On these averments, the Court cannot conclude that Plaintiff is unable to afford the $400.00 filing fee. Plaintiff's monthly income exceeds her monthly expenses. Moreover, according to Plaintiff, she has enough money in her bank account to immediately pay the filing fee in this case. The Court sympathizes with Plaintiff's concerns about her diminished financial means as a result of her unemployment and efforts to obtain custody of her child, but these obstacles do not mean that Plaintiff is actually indigent. *See Wolinsky v. Bd. of Educ. of City of Chi.*, No. 95 C 6487, 1996 WL 66003, at *1 (N.D. Ill. Feb. 12, 1996) (denying leave to proceed *in forma pauperis* where the plaintiff had social security income and funds in a bank account).

The federal *in forma pauperis* statute is designed to ensure that indigent litigants have meaningful access to the federal courts, not that any *pro se* litigant may assert her legal claims for free. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). As such, the Court is obliged to deny Plaintiff leave to proceed without prepayment of the filing fee in this case. Plaintiff must pay the filing fee in full by **September 11, 2018** or her case will be dismissed without further notice. Once the filing fee is paid, the Court will screen the complaint. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff must remit the entire $400.00 filing fee for this action on or before **September 11, 2018** or this action will be dismissed without further notice; and

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 21st day of August, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge